NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-406-JBC

BYRON KEITH SMITH                                                    PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS, ET AL.                                          RESPONDENTS

\*\*   \*\*   \*\*   \*\*   \*\*

Byron Keith Smith, an individual currently incarcerated in the Federal Medical Center in Lexington, Kentucky, has submitted the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the district court filing fee.

The petition is now before the court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

<u>RESPONDENTS</u>

The petitioner names four respondents: (1) the Bureau of Prisons ("BOP"); (2) the BOP's Director, Harley Lappin; (3) the BOP's Regional Director, Kim White; and (4) U.S. Attorney General Alberto Gonzales.

## ALLEGATIONS AND CLAIMS

The first paragraph of Petitioner Smith's one-page petition contains his claim that his "Statutory and Due Process rights have been violated by the Federal Bureau of Prisons when they unconstitutionally denying [sic] Petitioner the right for his Supervised Release to be considered with the sentence and afforded Parole pursuant the statutes . . . ."

The petition has several attachments. One is a copy of his 5-page Judgment in a Criminal Case, which shows that the petitioner was sentenced to 155 months imprisonment in the United States District Court for the Southern District of Indiana, on June 20, 2003. *United States v. Stephen*, N.D.Ind., No. 02CR-00180-002. On page 3 of that Judgment, the trial court ordered, "Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 year(s)."

In a 16-page lengthy typewritten memorandum, also attached, Petitioner Smith presents his allegations and legal arguments in a manner which is difficult to understand. For instance, at the top of page 2, he has typed the following:

> This Memorandum is in regards to, [sic] On January 12, 2005, number: 01-104 & 04-105; the Supreme Court of the United States cancelled all orders in a criminal Case that caused imprisonment. In short, the Supreme Court said all the judgments issued under the USSG (United States Sentencing Guide Lines) were void for violations of the fifth and sixth amendments. The Court did not address the violations of separation of power which were not raised in any of the papers. Yet, this is the key to understanding cancellation.
>
> 1. Congress may not, under any circumstances interfer [sic] with judicial discretion. Congress did this when it made mandatory the USSG on the courts. This is a Bill of attainder . . . .

Record No. 2 at 3.

The Court takes judicial notice that it was on January 12, 2005, that the Supreme Court of the United States handed down the decision in its case numbers 04-104 and 04-105, *United States v. Booker*, 543 U.S. 220 (2005). Petitioner claims that all prior judgments issued before that date under the United States Sentencing Guidelines ("USSG") were voided and the entire Sentencing Reform Act of 1984 was thereby invalidated, because the Act had no severance provision. Therefore, he concludes, prior law replaces nullified law, and no current valid law supports the use of supervised release as an authorized punishment.

Petitioner cites to several Title 18 statutes, Section 3551 purportedly authorizing "only three types of sentence: probation, fine, or imprisonment," but not supervised release; next, Section 3583 is quoted for the proposition that supervised release is limited to being included as part of a sentence. Under this construction, the petitioner argues, supervised release cannot be "tacked on" to the length of the sentence in incarceration, as a part of his punishment. He also makes arguments against the imposition of supervised release as being violative of several provisions of the U.S. Constitution.

Under *Booker* and the petitioner's interpretation of *Booker*, since supervised release is abolished as a separate punishment, a federal sentence should purportedly be computed by subtracting the term of supervised release from the term of imprisonment to which a prisoner was sentenced, the remainder being the only period of time which must actually be served in a prison. Petitioner gives an example of the proper calculation of prison time, as follows:

> 13. It is clear from reading the USC sections that supervised release is to be included as part of any punishment. In short, supervised release is in lieu of parole under prior law to the now excised USSG.
> Example; [sic]

3

>    A sentence of 120 months with a term of supervised release after imprisonment results in a stay- at prison of 60 months when supervised release is set at five (5) years:  A deduction of 47 days for a deduction of 235 days or 7 months off the five years.
>    14.    Supervised Release is not an authorized sentence. . . .

Record No. 1, pg 4 at ¶13-14.

On this logic, the petitioner asks the court to first order the BOP to "recalculate the good time and supervise [sic] release time to reflect the appropriate time which is required" to be served in prison; and to then order his immediate release from imprisonment.

## DISCUSSION

The court is familiar with the instant petition and arguments because of prior filings mirroring this one.  In *Blackwell v. Bureau of Prisons, et al.*, 5:07-CV-160-KSF, another prisoner incarcerated at the same federal prison as this petitioner, submitted a virtually identical one-page petition and a lengthy memorandum.  The memorandum had not only the same claims as herein, but also had them in the same numerical order, with the same typeface and punctuation, and sometimes in the exact same language *verbatim*, including paragraphs 13 and 14 quoted above.  *See also*, *Stephen v. Bureau of Prisons, et al.*, 5:07-CV-166-JBC (before the undersigned) and *Green v. Grondolski*, 6:06-CV-034-KKC (filed in 2006).

In *Blackwell* and other of the prior cases before this court,[1] the petitions were denied and the proceedings dismissed, *sua sponte*, as impermissible challenges to the prisoners' sentences under 28 U.S.C. § 2241, as each petitioner had failed to show that his remedy by a 28 U.S.C. § 2255 motion to the trial court was inadequate or ineffective for testing the legality of his detention.  This ruling is equally applicable here today.

---

[1] The *Stephen* case was not decided on the merits, but was withdrawn upon the petitioner's motion.

A prisoner is barred from using this court's § 2241 jurisdiction to challenge his conviction or sentence in another district court, unless he can show that his remedy by a § 2255 motion to the trial court is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. § 2255, ¶ 5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999) (discussing the "inadequate and ineffective" showing for use of the "savings clause" of Section 2255) and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (adding the requirement that the petitioner make a claim of "actual innocence," based on an intervening U.S. Supreme Court decision).

Under *Charles* and *Martin*, the standard for demonstrating the inadequacy and ineffectiveness of a prisoner's remedy via a Section 2255 motion to the trial court is a high one. *See also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").

Neither Petitioner Smith, nor the other FMC-Lexington petitioners making this argument have met the threshold showings required for this court to address the merits of his claim under its Section 2241 jurisdiction. Like the other petitioners, Smith has failed to meet the standards of *Charles* and *Martin*, *i.e.*, he has not demonstrated the inadequacy or ineffectiveness of a § 2255 motion to the trial court; he has not alleged actual innocence of wrong-doing; and he has not relied on an intervening Supreme Court case which interprets the statute under which the prisoner was convicted such that his conduct is not criminal.

To the extent that *Booker* and the mathematical claim extrapolated from it could be deemed applicable, this petitioner had adequate opportunities to assert the instant claim in an earlier Section 2255 motion to the trial court during the first year after the issuance of *Booker*. Having failed to

5

raise the theory earlier in the proper court or perhaps, having raised it and been denied in that court, Petitioner Smith, like the other petitioners in this court, has failed to show that his remedy via a § 2255 motion was inadequate or ineffective to test the illegality of his detention. Therefore, he, too, may not proceed with the same claim under this court's Section 2241 jurisdiction. *See also Carrera v. Craig*, 2006 WL 533742 (N.D.N.Y. 2006) (not reported in F.Supp.2d) (same claims and result).

Furthermore, even were the Court able to reach his claims on the merits, the *Booker* decision does not apply retroactively to cases on collateral review. *Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005); *see also United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005). *Accord McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the opinion on January 12, 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam) ("[W]e conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review").

The court concludes that the instant petitioner has failed to state a claim upon which this court may grant relief, and his petition will, therefore, be dismissed with prejudice.

## CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** as follows:

(1) Byron Keith Smith's petition for writ of habeas corpus is **DENIED** for failure to state a claim upon which relief may be granted; and

(2) this action shall be **DISMISSED**, *sua sponte*, from the docket of the court; and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondents.

Signed on  December 10, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY